UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
───────────────────────────────────────

UNITED STATES OF AMERICA,

v.                                           Case # 24-CR-6154

                                                  DECISION AND ORDER

CHRISTOPHER D. RIVERS, JR.,

                         Defendant.
───────────────────────────────────────

## INTRODUCTION

On February 25, 2025, Magistrate Judge Mark W. Pedersen filed a Report & Recommendation ("R&R"), ECF No. 27, in which he recommended denying Defendant Christopher D. Rivers, Jr.'s motion to dismiss the indictment, ECF No. 21. Defendant has filed his objection to the R&R, ECF No. 29, and the government has submitted its response. ECF No. 31. For the reasons that follow, the R&R is ADOPTED, and Defendant's motion to dismiss the indictment is DENIED.

## LEGAL STANDARD

A district court reviews those portions of an R&R to which a party has timely objected *de novo*. Fed. R. Crim. P. 59(b)(3). When a party does not object to a portion of an R&R, or when the objections are conclusory, general, or without legal support, a district court reviews those portions for clear error. *See United States v. Preston*, 635 F. Supp. 2d 267, 269 (W.D.N.Y. 2009).

After reviewing the R&R and the objections thereto, a district court "may accept, reject, or modify the recommendation." Fed. R. Crim. P. 59(b)(3). In addition, "[t]he Second Circuit has instructed that where a Magistrate Judge conducts an evidentiary hearing and makes credibility findings on disputed issues of fact, the district court will ordinarily accept those credibility

1

findings." *United States v. Lawson*, 961 F. Supp. 2d 496, 499 (W.D.N.Y. 2013); *see also Carrion v. Smith*, 549 F.3d 583, 588 (2d Cir. 2008).

## DISCUSSION

Defendant is charged in a one-count indictment with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). ECF No. 14. He moves to dismiss the indictment on the theory that Section 922(g)(1) is unconstitutional "on its face and as applied to him" under the Second Amendment. ECF No. 21-1 at 2. Judge Pedersen recommended that the motion be denied, citing *United States v. Bogle*, 717 F.3d 281 (2d Cir. 2013) (per curiam). ECF No. 27 at 5-10. Defendant objects to the R&R. ECF No. 29.

The Court overrules the objection. In the seminal Second Amendment cases of *District of Columbia v. Heller*, 554 U.S. 570 (2008), and *McDonald v. City of Chicago*, 561 U.S. 742 (2010), the Supreme Court made clear that the standards it announced did not "cast doubt on longstanding prohibitions on the possession of firearms by felons." *Heller*, 554 U.S. at 626; *see also McDonald*, 561 U.S. at 786 ("We made it clear in *Heller* that our holding did not cast doubt on such longstanding regulatory measures as prohibitions on the possession of firearms by felons and the mentally ill . . . . We repeat those assurances here."). Taking these assurances at face value, the Second Circuit has rejected the argument that Section 922(g)(1) "violates [a defendant's] Second Amendment right to keep and bear arms." *Bogle*, 717 F.3d at 281.

As a district court within the Second Circuit, this Court is required to follow *Bogle* "unless and until it is overruled in a precedential opinion by the Second Circuit itself or unless a subsequent decision of the Supreme Court so undermines it that it will almost inevitably be overruled by the Second Circuit." *United States v. Diaz*, 122 F. Supp. 3d 165, 179 (S.D.N.Y. 2015) (internal quotation marks omitted). The Second Circuit has not overruled *Bogle* but has instead repeatedly

2

reaffirmed its holding. *See United States v. Brillon*, No. 22-2956-cr, 2024 WL 392949, at *1 (2d Cir. Feb. 2, 2024); *Johnson El v. Chambers*, No. 20-3377, 2021 WL 4484929, at *2 (2d Cir. Oct. 1, 2021) (summary order) ("The Supreme Court has clearly stated that prohibitions on the possession of firearms by felons do not violate the Second Amendment." (internal quotation marks omitted)); *United States v. Jimenez*, 895 F.3d 228, 233 (2d Cir. 2018). Likewise, subsequent Supreme Court decisions have not undermined *Bogle*'s view of *Heller* and *McDonald*. In *New York State Rifle & Pistol Association, Inc. v. Bruen*, 597 U.S. 1 (2022), the Supreme Court reaffirmed *Heller* and *McDonald* in the course of clarifying the specific standards to be applied for Second Amendment claims. *See Bruen*, 597 U.S. at 9. And in the recent case of *United States v. Rahimi*, No. 22-915, 2024 WL 3074728 (U.S. June 21, 2024), the Supreme Court favorably quoted *Heller*'s statement on firearm restrictions for felons. *See Rahimi*, 2024 WL 3074728, at *10.

Therefore, while there is certainly active debate regarding the constitutionality of Section 922(g)(1) in light of *Bruen*, *see United States v. Chaney*, No. 23-CR-451, 2024 WL 2293759, at *3 (E.D.N.Y. May 21, 2024) (collecting cases and noting the "deep divide among courts analyzing Section 922(g)(1) after *Bruen*"), this Court cannot conclude that the Supreme Court's recent decisions in *Bruen* and *Rahimi* so undermine *Bogle* "that it will almost inevitably be overruled." *Diaz*, 122 F. Supp. 3d at 179. As a result, this Court must follow *Bogle* and reject Defendant's facial and as-applied constitutional challenges to Section 922(g)(1). *See Bogle*, 717 F.3d at 281-82 ("§ 922(g)(1) is a constitutional restriction on the Second Amendment rights of convicted felons.").

## CONCLUSION

For the foregoing reasons, Judge Pedersen's R&R (ECF No. 27) is ADOPTED, and Defendant's motion to dismiss (ECF No. 21) is DENIED.

IT IS SO ORDERED.

Dated: April 4, 2025
      Rochester, New York

                                                _____
                                                HON. FRANK P. GERACI, JR.
                                                United States District Judge
                                                Western District of New York